UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO .
MAGISTRATE JUDGE

**00 - 2264**

**CIV-SEITZ**

MAGISTRATE JUDGE
GARBER,

ERNEST ZITER, Individually,

       Plaintiff,

vs.

JOSEPH AND ALBERTO VENEZIA,

       Defendant(s).

_____/

FILED BY
00 JUN 26 PM 12:29
CLARENCE MADDOX
CLERK U.S. DIST CT
S.D. OF FL.-MIAMI
D.C.

## COMPLAINT

(Temporary and Permanent Injunctive Relief Demanded)

Plaintiff, ERNEST ZITER, individually, (sometimes referred to herein as "Plaintiff",

ERNEST ZITER ), sues the Defendant(s),JOSEPH AND ALBERTO VENEZIA (sometimes jointly

referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the

Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

## JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the Americans With Disabilities Act, 42

    U.S.C. § 12181, et seq. as more fully set forth herein.  This Court has original jurisdiction

    pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.    Venue lies in this district as the property which is the subject matter of this claim is  located

    in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990,

1

#1
H1

establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4.   Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5.   The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6.   Plaintiff, ERNEST ZITER is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. ERNEST ZITER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property.

6a.   The barriers to access at the property described below have effectively denied or diminished plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the plaintiff.

6b.   ERNEST ZITER has a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as

2

described but not necessarily limited to the allegations in paragraph 13 of this complaint.

7.     ERNEST ZITER desires to visit the defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9.     Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as STRIP MALL and is located at 160-176 NE 167th Street, North Miami Beach, Florida.

## THE INSTANT CLAIM

10.    Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by

3

individuals with disabilities as defined by the ADA.

11.     Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out

guidelines  for accessibility for buildings and facilities. These guidelines are to be applied

during design, construction and alteration of such buildings and facilities to the extent

required by regulations issued by Federal Agencies, including the Department of Justice,

under the ADA.

12.     Defendant has discriminated against the individual and corporate Plaintiffs by denying  them

access to  full and equal enjoyment of the goods, services, facilities, privileges , advantages

and or accommodations of its place of public accommodation or commercial facility in

violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

13.     Defendant has discriminated and  is discriminating  against the Plaintiff in violation of the

ADA by failing to, inter alia, have accessible  facilities as  described  below by January

26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of

$500,000 or less): See attached photos Plaintiff's Exhibits 1 through 11.

### A.     PARKING:

1.      Overall view of parking lot.  (See photos #1 and #2).

2.      Disabled parking has no access aisles and no signs in violation of section

4.6.3 and 4.6.4 of the ADAAG.  (See photo #3).

### B.     ENTRANCE ACCESS AND PATH OF TRAVEL:

1.      Accessible path, walkway directly in front of entrance doors is less than 36"

in some areas in violation of section 4.3.3 and 4.3.2 of the ADAAG.  (See

photo #5).

4

2.     Public Telephone landing has no clearance space for turning radius with no level landing in violation of section 4.31.2 of the ADAAG. (See photo #6).

3.     Walkway has no smooth transition and no space for the disabled to pass in violation of section 4.3.4 and 4.3.6 of the ADAAG. (See photo #8).

4.     Doors in front of China Restaurant have no maneuvering clearance when door is open in violation of section 4.13.6 of the ADAAG. (See photo #9). ( No disabled parking by China Restaurant)

5.     Path of Patio stones leading to and from driveway are unaccessible in violation of section 4.3.2 of the ADAAG. (See photos #10 and #11).

## C.    RAMPS:

1.     The ramp to the west side of disabled parking space has an 8 to 1 slope in violation of section 4.8.2 of the ADAAG. (See photo #4).

2.     Ramp on east side of disabled parking space is constructed of patio stones with no smooth transition and changes in level over 1" in violation of section 4.3.7 and 4.3.8 of the ADAAG. (See photo #7).

14.    The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

15.    The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

5

16.  Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action.  Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.  Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.  Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

19.  Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently  until such time as  the defendant cures its violations of the ADA.


**WHEREFORE,** Plaintiffs respectfully request:

a.  A temporary injunction and a  permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b.  An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

6

c.      Such other relief as the Court deems just and proper.

Respectfully Submitted,

**FULLER, MALLAH AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305)534-9894 - Fax

By:_____
      John Mallah, Esq. Fl. Bar #457760

Date:_____

W:\WPDocs\A.D.A\STRIP MALL (J. & A. VENEZIA)\Complaint(mm).wpd

7



PHOTO #1







PHOTO #2





PHOTO #5





PHOTO # 7





PHOTO #8





PHOTO #9





PHOTO #11

# CIVIL COVER SHEET

00-2264
CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE
GARBER

**I (a) PLAINTIFFS**

ERNEST ZITER, Individually,

**DEFENDANTS**

JOSEPH AND ALBERTO VENEZIA,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

APPDE 00cv 2264/PAS/BLG

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

FULLER MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139  (305) 538-6483

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
~~DADE~~, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

**IVa.**   2   days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  6/24/00   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY: Receipt No. 82410 Z   Amount: 150
Date Paid: 6/24/00   Mifp: